# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ST. MARY'S MEDICAL CENTER, INC.,**
**Employer Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1707**  (BOR Appeal No. 2045965)
                (Claim No. 2009086501)

**ELIZABETH J. DINGESS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner St. Mary's Medical Center, Inc., by H. Toney Stroud, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated November 16, 2011, in which the Board affirmed a May 9, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 21, 2009, decision rejecting Ms. Dingess's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dingess worked as a licensed practical nurse for St. Mary's Medical Center. On March 22, 2009, she allegedly strained her back while lifting a patient. On April 21, 2009, the claims administrator determined there was no injury in the course and scope of employment. The Office of Judges reversed the claims administrator's decision and held the claim compensable for lumbar sprain. On appeal, St. Mary's Medical Center disagrees and asserts that Ms. Dingess has a proven history of chronic back pain and degenerative disc disease, and cannot prove that she incurred a new injury on March 22, 2009.

The Office of Judges concluded that the preponderance of the evidence demonstrates that Ms. Dingess did suffer an isolated and fortuitous event on March 22, 2009. The Office of Judges

1

based its conclusion on Dr. Young's April 3, 2009, diagnosis of a lumbar sprain, and that she did not have any active back problems until the day of the alleged incident. The Office of Judges determined that Ms. Dingess did not seek treatment for back pain from 1999 to 2007 and from September of 2007 until March of 2009 when the alleged incident occurred. The Office of Judges reasoned that even though Ms. Dingess had a history of back pain and treatment, she was not currently suffering or receiving treatment for the back pain at the time of her work-related injury. The Board of Review reached the same reasoned conclusions in its decision of November 16, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II